

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Texas State Board of Dental Examiners
Littlefield Building
Austin, Texas

Gentlemen:                   Attention - Mr. Carl C. Bardin, Jr.

                             Opinion No. 0-5096
                             Re:  Tenure of a member of the Board
                                  of State Dental Examiners.

        We beg to acknowledge receipt of your letter of request for an opinion upon the following question:

        "What is the earliest date that such appointees of the Governor, insofar as the Texas State Board of Dental Examiners is concerned, could legally qualify and hold such offices?"

        The rule governing such matters, as held by this department, is that where a statute creates an office and prescribes the length of the term of the incumbent, without fixing the date of the beginning or termination of such term, the date of the first appointment determines the beginning of the tenure of such appointment and all successive appointments.

        It was so held in Opinion No. 2572 (Opinions Attorney General 1924-1926, p. 344) with respect to Game, Fish & Oyster Commissioners, and Opinion No. 2913 (Opinions Attorney General, 1930-1932, p. 381) with respect to the State Reclamation Engineer.

        Whether or not the statute in the present inquiry (R.C.S., Article 4543) does prescribe the beginning of the tenure is a debatable question. That statute insofar as pertinent reads:

411

"The term of office of each member of said Board shall be six years, except that as to the first Board appointed hereunder two of its members shall serve for a term of two years, two of its members for a term of four years, and two of its members for a term of six years, the respective terms of the first members so appointed to be designated by the Governor in appointing them. Within thirty (30) days after this Act becomes effective the six members of said Board shall be appointed by the Governor of the State; two to serve for two years, two for four years, and two for six years, or until their successors shall be appointed and qualified. Thereafter, at the expiration of the term of each member first appointed, his successor shall be appointed by the Governor of the State and he shall serve for a term of six years or until his successor shall be appointed and qualify."

We are inclined to the opinion that the mandatory duty imposed by the statute upon the Governor to appoint members to the Dental Board within thirty days after the Act "becomes effective", is a definite intention of the Legislature that the term in any event shall begin at the expiration of thirty days from the effective date of the Act, which was May 11, 1935. (Laws 44th Leg., Reg. Sess., p. 616-618). We need not to decide this question, however, since the records of the Secretary of State show that Dr. Younger succeeded Dr. Landers, who had been appointed on May 25, 1935, to the two-year term, expiring in 1937, so that as to this place on the Board the term began May 25, 1935.

Dr. Ellington was appointed a member on May 25, 1935, apparently to a two-year term, and again on December 29, 1936, he was appointed to a full six-year term, ("effective June 10, 1937") and is now serving that term.

The terms of both these members, therefore, will expire (for purpose of appointment of a successor) midnight, May 24, 1943.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

_Bob Speer_
Assistant

OS-MR

APPROVED NOV 15, 1943

_Gerald C. Mann_

APPROVED OPINION COMMITTEE BY CHAIRMAN